## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| KEVIN R. BAILEY, on behalf of himself and all others similarly situated, | COMPLAINT – CLASS ACTION |
| Plaintiff, | |
| v. | CASE NO. 3:18-cv-01039 |
| AMERICAN COLLECTION SYSTEMS, INC., and JONATHAN KLEIN, ATTORNEY AT LAW, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT – CLASS ACTION

NOW comes KEVIN R. BAILEY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of AMERICAN COLLECTION SYSTEMS, INC. ("ACS"), and JONATHAN KLEIN, ATTORNEY AT LAW ("Klein") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.  Plaintiff is a 32 year old natural "person," as defined by 47 U.S.C. §153(39), residing within the Northern District of Texas.

5.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6.  Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d.

7.  ACS is a debt collection agency holding itself out as "an industry leading full service Accounts Receivable Management Company."[1] ACS is a corporation organized under the laws of the state of Ohio with its principal place of business located at 800 Cross Pointe Drive, Suite D, Columbus, Ohio.

8.  Klein is, upon information and belief, an attorney licensed to practice law in the state of Ohio who regularly engages in the collection of consumer debts. Klein maintains an office at 800 Cross Pointe Drive, Suite D, Columbus, Ohio, the same address as ACS.

9.  Upon information and belief, Klein is a part owner of ACS and Klein and ACS are affiliated in their collection activities.

10. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to

---

[1] https://www.acscollections.com/about-us/

collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

11. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

13.  On information and belief, Klein, on behalf of or at the direction of ACS, began collecting on an alleged delinquent consumer account ("subject debt") said to be owed by Plaintiff.

14.  The subject debts arose out of Plaintiff's defaulted student loan he took out with Lincoln Technical Institute, which constitutes a transaction in which money, property, insurance or services, serving as the subject of the transaction, were for personal, family, or household purposes; therefore, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15.  Within the one (1) year preceding the filing of this Complaint, Defendants communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

16.  On or about March 14, 2018, Klein mailed or caused to be mailed to Plaintiff a "dunning" letter ("Dunning Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Klein's Dunning Letter to Plaintiff, attached hereto as **Exhibit "A".***

17.  With regard to the amount owed on the subject debt, the Dunning Letter contains the following information:

| Principal | Interest | All Costs | Amt Owed |
|-----------|----------|-----------|----------|
| 1854.12 | 0.00 | 0.00 | 1854.12 |

18.  In addition to the above information, the Dunning Letter from Klein has a portion which reads, "If you have any further questions, please contact us at the above phone number . . ."

19.  The "above phone number" this language refers to, as outlined in the Dunning Letter, is (866) 391-3505.

20.  Upon information and belief, the (866) 391-3505 is a phone number associated with ACS, not Klein.

21.  Upon information and belief, the phone number utilized by Klein in relation to his debt collection activity is (800) 390-2611.

22.  The various language and representations discussed above demonstrate Defendants' deceptive, misleading, and unfair collection practices in violation of the FDCPA.

23.  All of Defendants' collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

24.  Plaintiff brings this action on his own behalf and as a class action on behalf of the following class:

> All persons who received a Dunning Letter or other collection correspondence during the one year preceding the filing of this action through the date of class certification from Klein that contained a portion addressing "interest" and "all costs" in a manner substantially similar as the letter attached hereto as Exhibit A and which represented (866) 391-3505 as the phone number to contact with questions.

25.  This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

26.  The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

27.   There are questions of law and fact that are common to the Class members that relate to Defendants' violations of the FDCPA, particularly because these are form Dunning Letters and are based on a common course of conduct by Defendants.

28.   The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

29.   Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30.   The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendants violated the FDCPA by sending Dunning Letters or other collection letters to Class members which contained a representation as to "interest" and "all costs"; (ii) whether Defendants violated the FDCPA by sending Dunning Letters or other collection letters to Class members representing that (866) 391-3505 was the number to contact with questions regarding a respective letter ; (iii) whether ACS is directly liable for its role in the sending of the Dunning Letter or other collections letters; (iv) whether ACS is vicariously liable for Klein's sending of the Dunning Letter or other collection letters; and (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

31.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

### a.   Violations of 15 U.S.C § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

35. Defendant's violated 15 U.S.C. §§ 1692e, e(2), and e(10) through the inclusion of the portion of the Dunning Letter which outlined "interest" and "all costs" in reference to the amount owed on the subject debt. Even though the value of these additional charges were "0.00" on the Dunning Letter, the inclusion of these references falsely implies the extent to which Defendants may properly add interest and fees to the subject debt. By including these references, absent any sort of additional information, Defendants intended to instill a deceptive and false sense of urgency in Plaintiff and other recipients these letters. To unsophisticated consumers, these references would result in such consumers thinking there is a heightened urgency to address the subject debt given the potential for interest and other charges to accrue, even where no such interest and other charges could be properly added. The potential imposition of such fees would naturally be a factor in Plaintiff's and consumers' decision making process in determining whether and when to address

any purported obligation; and, the inclusion of these references would leave unsophisticated consumers guessing about the economic consequences of failing to pay immediately.

36. Defendants further violated §§ 1692e, e(10), and e(14) through the misleading representations as to the phone number Plaintiff should contact in the event he had questions about the Dunning Letter. An unsophisticated consumer looking at this letter would assume that Klein is the entity attempting to collect upon the subject debt. However, if they were to call the phone number ostensibly associated with Klein, as directed by the Dunning Letter, they would be contacting ACS instead. Defendants likely choose to send their collection letters to consumers from Klein, since consumers receiving letters from an attorney inherently creates a greater sense of fear and vulnerability in consumers receiving these letters. Such misleading and confusing representations as to the true identity of the entity contacting consumers is precisely the type of conduct the above referenced portions of the FDCPA were designed to address.

**b. Violations of 15 U.S.C. § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

38. Defendants violated 15 U.S.C. §§ 1692f and f(1) through its references to "interest" and "all costs" on the Dunning Letter. In addition to unfairly instilling a false sense of urgency in Plaintiff to address the subject debt, the inclusion of these references suggests that interest and other costs or charges would be properly collectible. However, such additional charges were not authorized by the agreement creating the subject debt.

39. Although Klein seems to be the individual that sent the Dunning Letter to Plaintiff and Class members, ACS's relationship with Klein renders it either directly liable for the above referenced violations of the FDCPA, or vicariously liable for the FDCPA violations engaged in by Klein.

WHEREFORE, Plaintiff, KEVIN R. BAILEY, respectfully requests that this Honorable Court grant the following:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c.  Statutory damages under 15 U.S.C. § 1692k(a);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: April 24, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Northern District of Texas     Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                                (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200

Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com