UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN R. BAILEY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN COLLECTION SYSTEMS, INC. and JONATHAN KLEIN, ATTORNEY AT LAW,<br><br>    Defendant. | 3:18-cv-01039-N |

### Defendant Jonathan Klein Brief in Opposition to Plaintiff's Motion for Class Certification

Defendants Jonathan Klein hereby submit his Brief in Opposition to the Motion for Class Certification filed by Plaintiff.

### INTRODUCTION

Plaintiff brings his Complaint against Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Plaintiff alleges that Defendants violated the FDCPA by unfairly and misleadingly contacting him seeking payment of a consumer debt. The Plaintiff has moved to certify his proposed class.

### LEGAL STANDARD

The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct.

2541, 2550 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700–01 (1979)). Because class actions present a number of "downsides," district courts considering motions for class certification under Rule 23 must exercise "caution." Thorogood v. Sear, Roebuck and Co., 547 F.3d 742, 744-46 (7th Cir. 2008). A district court may certify a case for class-action treatment only if it satisfies the four requirements of Federal Rules of Civil Procedure 23(a)— numerosity, commonality, typicality, and adequacy of representation—and one of the conditions of Rule 23(b) ("Rule 23"). Rosario v. Livaditis, 963 F.2d 1013, 1017 (7th Cir. 1992). See also Amchem Products, Inc. v. Windsor, 521 U.S. 591, 606-07 (1997). In addition, a class must be sufficiently definite that its members are ascertainable. Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006).

Class certification requires a plaintiff to "affirmatively demonstrate compliance with [Rule 23]—that is, [the plaintiff] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart, 131 S. Ct. at 2551 (emphasis in original). To certify a class, a trial court must perform a "'rigorous analysis'" which establishes that the "'prerequisites of Rule 23(a) have been met. the Court is not bound to accept the plaintiffs' allegations as true for the purposes of this motion for class certification. Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676-77 (7th Cir. 2001). "A class definition that requires the Court to assess subjective criteria, like the class members' state of mind, will not be certified." Lau v. Arrow Fin. Services, LLC, 245 F.R.D. 620, 624 (N.D. Ill. 2007).

## I. CLASS CERTIFICATION REQUIRES PARTIES TO BE SO NUMEROUS SO AS TO MAKE JOINDER IMPRACTICABLE.

Rule 23(a)(1) requires that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all members only if . . . the class is so numerous that joinder of all members is impracticable." A "party supporting the class cannot rely on 'mere speculation' or 'conclusory allegations' as to the size of the putative class to prove that joinder is impractical for numerosity purposes." Arreola v. Godinez, 546 F.3d 788, 797 (7th Cir. 2008).

## II. CLASS CERTIFICATION REQUIRES QUESTIONS OF LAW OR FACT COMMON TO THE CLASS.

For a class to be certified, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A class may satisfy the commonality requirement with a single common question of law or fact. Rosario, 963 F.2d at 1018. To raise common questions of law or fact, the plaintiff must demonstrate that class members have suffered the same injury. Wal-Mart, 131 S. Ct. at 2551. The common question raised must give cause to believe that all claims can be "productively litigated at once." Id. A question which asks whether all class members have suffered a violation of the same provision of law does not, by itself, raise a valid common question. Id.

A class definition which entails individualized questions of fact and law, and which produces unique answers respective of each claimant, does not meet the requirements for commonality. See Jamie S. v. Milwaukee Public Schools, 668 F.3d 481, 498 (7th Cir. 2012).

## III. CLASS CERTIFICATION REQUIRES CLAIMS OR DEFENSES OF THE REPRESENTATIVE PARTIES TO BE TYPICAL OF THE CLAIMS OR DEFENSES OF THE CLASS.

Rule 23(a)(3) requires a showing that "the claims . . . of the representative parties are typical of the claims . . . of the class." To establish typicality, a plaintiff must specifically present questions of law or fact that are common to the claims of both the plaintiff and the members of the class he sought to represent. See Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 158-59 (1982).

For a class representative's claim to be typical, she "'must be part of the class and 'possess the same interest and suffer the same injury' as the class members.'" See Falcon, 457 U.S. at 156.

## IV. CERTIFICATION OF CLASS REQUIRES ADEQUATE REPRESENTATION OF THE INTERESTS OF THE CLASS BY REPRESENTATIVE PARTIES.

Finally, "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625 (1997).

## ARGUMENT

Every federal class action must satisfy the four prerequisites of subsection (a) of Rule 23 Â– numerosity, commonality, typicality, and adequacy. Every federal class action

must also satisfy one of the three subparts of Rule 23(b). The Plaintiff must demonstrate that all prerequisites of Rule 23 have been met.

### I. THE PUTATIVE CLASSES ARE UNMANAGEABLE AND THE PLAINTIFFS WILL NOT BE ABLE TO ESTABLISH THAT ANY OF THE CLASSES ARE SUFFICIENTLY DEFINITE SUCH THAT THEIR MEMBERS ARE ASCERTAINABLE.

The plaintiffs have identified on class. The proposed class is founded upon speculation and they are not sufficiently identifiable or definite to be certified. The is no evidence submitted in support of class certification other than a pleading which is not legally sufficient to support the plaintiff's contentions. Each class member must show that the misrepresentation at issue actually "caused" the injuries alleged; class members must show that "but-for" the allegedly deceptive act, there would not have been any injury.

Th plaintiff here bases the class definitions upon the subjective state of mind of their putative class members. The plaintiffs' class definitions rely upon speculating what the members of the class relied upon, what they thought and what damages they suffered if any. These factors" will differ by individual and are really based upon the perceptions of the members.  Some of the members may have had different perceptions and suffered no injuries. How can the Plaintiff say all of the members of the class suffered the same injury?  Also the management of a class action in this context is untenable. How will all of the class members be notified? Will they have to "opt in" or "opt out?" How does the plaintiff intend to contact the homeless individuals they wish to have certified as class members? There is no evidence presented, other than the dunning letter. Here the Plaintiff cannot provide a sufficient basis for certification.

Finally the Plaintiff has presented no evidence to show numerosity. The Plaintiff has presented no evidence to establish by a preponderance of the evidence that this class is both ascertainable and sufficiently numerous under the class action rule. The Plaintiff is speculating and the court should require precise proof is required to prove numerosity. The Plaintiff did not even present circumstantial evidence to permit the court to make a factual finding of numerosity. Here in this case there was no evidence presented to show the size if the class is impractical or that joinder is impractical for numerosity purposes. The court should not certify a class based on "improper speculation."

## **CONCLUSION**

For the reasons stated herein, defendant Jonathan Klein respectfully request that plaintiffs' motion for class certification be denied in its entirety.

.

Dated: August 20, 2018

**Respectfully Submitted**

/s/ Jon Klein
Jonathan Klein
800 Cross Pointe Rd., Ste. D
Gahanna, Ohio 43230

## CERTIFICATE OF SERVICE

A copy of the foregoing was served this 8/20/18, via First-Class United
States mail, postage prepaid, and/or electronic mail to the following:

Nathan C. Volheim
Counsel for Plaintiff
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148

_____
Jonathan Klein