UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN R. BAILEY, on behalf of himself and ACTION All others similarly situated, | | COMPLAINT-CLASS |
| | : | Case No. 3:18-CV-01039 |
| Plaintiff, | : | |
| v. | : | |
| AMERICAN COLLECTION SYSTEMS, INC | : | |
| And | | |
| Jonathan Klein, Attorney at Law | | |
| Defendants | : | |

**DEFENDANT JONATHAN KLEIN MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 3

I.   STANDARD OF REVIEW……………………………………………………….4

II.  LEGAL ANALYSIS ........................................................................................ 4

III. PLAINTIFF'S CLAIMS………………………………………………………….5

CONCLUSION ......................................................................................................... 9

**TABLE OF AUTHORITIES**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)……………………………………………………………………………………..4

*Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)………………………………………………………….4

*Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir.1984)……………………………………….4

*Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 318–319 (8th Cir.2004)……..4

*Rollins v. Portfolio Recovery Associates, LLC,* No. 11–00665–CV–W–GAF, 2012 WL 6051999, *2 (W.D.Mo. April 2012)……………………………………………………..5

*Stratton v. Portfolio Recovery Associates, LLC,* 770 F.3d 443, 450 (6th Cir.2014)………5

*Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 461–62 (6th Cir.2013)…………………..7

*Limited, Inc. v. C.I.R.,* 286 F.3d 324, 332 (6th Cir.2002)…………………………………7

*Hartman v. Great Seneca Fin. Corp.,* 569 F.3d 606, 610, 614 (6th Cir.2009)……………8

*McMillan v. Collection Prof'l, Inc.,* 455 F.3d 754, 765 (7th Cir.2006)…………………..8

*Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1517 (9th Cir.1994)……………………..8

*Bradley v. Franklin Collection Serv.,* 739 F.3d 606, 610 (11th Cir.2014)…………………8

Fair Debt Collection Practices Act §

1692e……………………………………………………………………………...3,5,6,7

1692e(2)……………………………………………………………………………….3,5

1692e(10)………………………………………………………………………….3,5,6,7

1692e(14)………………………………………………………………………………3,7

1692 (f)

**Rules**

Fed. R. Civ. P. 56…………………………………………………………………………………….2,3

-1-

Defendant Jonathan Klein respectfully submits this memorandum of law in support of his motion for summary judgment pursuant to Fed. R. Civ. P. 56. There are no genuine issues of material fact and he is entitled to judgment as a matter of law.

## INTRODUCTION

On March 14, 2018, Defendant Klein sent Plaintiff a debt collection letter (dunning letter) seeking a $1854.12 past due balance. The letter also informed the Defendant that there was no interest 0.00 or any additional costs 0.00. There was no statement in the letter that interest and additional costs would be added. The letter informed the debtor that this letter should not be construed as a threat of suit. The letter is filed as an exhibit (Doc. No. 1-1). Finally there is a phone number that is listed on the number for the debtor to contact if he or she has questions.

Plaintiff first argues by having 0.00 as interest and 0.00 as costs is misleading and implies that interest may be charged in the future and this creates a false sense of urgency with the debtor. Plaintiff also alleges that the phone number listed on letter is misleading in that it is not associated with Defendant Klein, but instead with Defendant American Collection System (ACS). Plaintiff argues it is misleading to the consumer because the letter comes from an Attorney and not ACS which will create a false sense of urgency. On April 24, 2018 Plaintiff commenced this FDCPA lawsuit.

The issue is whether Defendant Klein violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e, e(2), e(10) and e(14)  or 1692(f) and (f)(1) by having 0.00 as interest and 0.00 as costs and by sending a dunning letter on his letterhead with the number(866) 391-3505.

## STANDARD OF REVIEW

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir.1984), cert. denied, 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985).

## LEGAL ANALYSIS

### A.) Fair Debt Collections Practices Act

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, [and] to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 318–319 (8th Cir.2004). Debt collectors are forbidden from (1)

-1-

using conduct that constitutes harassment, oppression, or abuse; (2) using false, deceptive or misleading misrepresentations; and engaging in unfair or unconscionable means. *Rollins v. Portfolio Recovery Associates, LLC,* No. 11–00665–CV–W–GAF, 2012 WL 6051999, *2 (W.D.Mo. April 2012) (*citing* 15 U.S.C. § 1692d, 1692e, 1692f). FDCPA requires that courts apply the "unsophisticated consumer" standard. *Rollins,* 2012 WL 6051999, *3. This includes an "objective element of reasonableness" which ensures debt collectors remain free "from liability for peculiar interpretations of collection [attempts]." *Id.* (*quotingStrand,* 380 F.3d at 318).

## PLAINTIFF'S CLAIMS

**First Claim**

Plaintiff claims says that Defendant Klein violated FDCPA U.S.C. § 1692e, e(2) and e(10) by sending dunning Letter to the him which contained a representation as to "interest" and "all costs"

Section 1692e says, among other things, that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. [including] [t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e. To determine if a debt collector's actions are false, deceptive, or misleading under § 1692e, courts use the 'least sophisticated consumer' standard. *Stratton v. Portfolio Recovery Associates, LLC,* 770 F.3d 443, 450 (6th Cir.2014). This standard seeks to protect "all consumers, the gullible as well as the shrewd." *Id.* The standard assumes that consumers of below-average sophistication or intelligence are especially vulnerable to fraudulent schemes. *Id.*

-1-

Plaintiff argues that the putting this statement in the dunning letter

| Principal | Interest | All Costs | Amt owed |
|-----------|----------|-----------|----------|
| 1854.12   | 0.00     | 0.00      | 1854.12  |

is implying that the Defendant may properly add interest and fees to subject debt and this creates a false sense of urgency. This is ludicrous, and I would like the Plaintiff to point out one single case where a statement in a dunning letter that says 0.00 for interest and all costs 0.00. was actionable under the FDCPA.. Defendant's dunning letter makes no threat of interest or additional costs. There also was a number (866) 391-3505 that Debtor could call had any questions regarding the debt. There is no claim in Plaintiff's Complaint that he even tried to reach Defendant Klein if he had any questions regarding interests or costs. The language at issue here actually *benefits* the debtor and fully discloses to the debtor he only owes nothing but the principal. This is complete speculation on the Plaintiff's part to say it creates a false sense of urgency. There no statement saying interest and costs will be charged. I would think fully disclosing to the debtor that the amount owed is only principal and not interest and costs, would create less speculation regarding the amount owed. It breaks down exactly what the debt consists of and nothing more.

. **Second Claim**

Plaintiff further alleges that Defendant Klein violated the FDCPA 1692e, e(10), and e(l4) because the dunning Letter had the number (866) 391-3505 to contact with questions regarding a respective dunning letter. The plaintiff argues that this number is associated the ACS and not Defendant Klein. The Plaintiff argues a unsophisticated consumer would think Defendant Klein is attempting to collect a debt. Well, Defendant Klein is attempting to collect a debt on behalf of ACS. Defendant Klein has been retained

by ACS to collect debts. This is not misleading or false or confusing. Defendant Klein has an office with ACS and I can be reached at 866-391-3505. **Please see attached affidavit.** Again, there is nothing in the complaint that the Plaintiff ever called the Defendant Klein or tried to reach Defendant Klein by the listed number and was not able to reach me.

There also is no violation of FDCPA if a Collection firm retains an attorney to send dunning letters.

The Record lacks any factual basis or evidence that Defendant Klein made false, deceptive or misleading representations or otherwise made prohibited representations to Plaintiff in violation of §1692e, e(10) and e (14)

**Third Claim**

Plaintiff claims Defendant Klein violated FDCPA U.S.C. § 1692 (f) and (f)(1). Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692f and f(l) through its references to "interest" and "all costs" on the Dunning Letter because this will unfairly instilling a false sense of urgency
The and the inclusion of these references suggests that interest and other costs or charges would be properly collectible

A debt collector may not use an "unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The FDCPA does not define an "unfair or unconscionable" practice under § 1692f, but, with the caveat that it is not limiting the general application of the term, it sets forth a non-exhaustive list of conduct that rises to that level. See also Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 461–62 (6th Cir.2013); Limited, Inc. v. C.I.R., 286 F.3d 324, 332 (6th Cir.2002) (under the rule of noscitur a sociis, the court should view the undefined term in light of its associates). The listed conduct includes acceptance or solicitation of a postdated check absent certain

-1-

circumstances, charging any person for communications by concealing the true purpose of the communication, taking or threatening to take an action to dispossess or disable property when there is no present right in the property, communicating with a consumer about a debt via postcard, or sending mail with any symbol other than the debt collector's address and non-identifying business name. 15 U.S.C. § 1692f. The term also includes the collection of any amount not expressly authorized by the debt agreement or by law. 15 U.S.C. § 1692f(1). Other actions that courts have determined to be potentially "unfair" under § 1692f include attaching law-firm generated documents resembling credit card statements to a state collection complaint, *Hartman v. Great Seneca Fin. Corp.,* 569 F.3d 606, 610, 614 (6th Cir.2009), sending a collection letter that questioned the debtor's honesty and good intentions, *McMillan v. Collection Prof'l, Inc.,* 455 F.3d 754, 765 (7th Cir.2006), filing for a writ of garnishment against a debtor who was current in payments, *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1517 (9th Cir.1994), and collecting 33% of a debt balance as a collection fee, *Bradley v. Franklin Collection Serv.,* 739 F.3d 606, 610 (11th Cir.2014).

Plaintiff argues again having this statement

| Principal | Interest | All Costs | Amt owed |
|---|---|---|---|
| 1854.12 | 0.00 | 0.00 | 1854.12 |

is a violation because it is a unfair or unconscionable means to collect a debt. As far as Plaintiff is concerned you can never put the word interest or costs in a dunning letter because this always instills a sense of urgency in the debtor even if it says 0.00. Without more, how does saying interest 0.00 and costs 0.00 create urgency? From a common sense perspective, Plaintiff's purported rule would preclude the creditor or debt collector from ever mentioning the word interest or costs to the debtor without potential FDCPA liability. Plaintiff also argues that these references suggests that interest and other costs or

-1-

charges would be properly collectible. No where in the dunning letter is there any mention that interest and costs would be charged in the future. The Plaintiff does not allege any other specific facts in support of its assertion that Defendant Klein violated this subsection. The court should stick to the plain language that is the dunning letter or reasonable inferences that can be inferred from it and not speculate what debtors might think.

## CONCLUSION

Also, there is nothing in the letter shows Defendant Klein is attempting a debt of any amount not expressly authorized by the debt agreement or by law and there is no statement threatens litigation or any statement that Defendant Klein is pursuing him. Most importantly. Defendant Klein has not engaged in unfair or unconscionable conduct. As such, Defendant Klein is entitled to summary judgment on these issue and statutory damages and reasonable attorney's fees.

Dated: September 3, 2018

**Respectfully Submitted**

/s/ Jon Klein
Jonathan Klein
800 Cross Pointe Rd., Ste. D
Gahanna, Ohio 43230
JWK283@AOL.COM

### CERTIFICATE OF SERVICE

A copy of the foregoing was served this
8/21/18,  via First-Class United
States mail, postage prepaid, and/or
electronic mail to all parties including
the following:

Nathan C. Volheim
Counsel for Plaintiff
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148

American Collection
800 Cross Pointe Rd., Ste. D
Gahanna, Ohio 43230


/s/ Jon Klein
Jonathan Klein

-18-

3358200v3

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| KEVIN R. BAILEY, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | 3:18-cv-01039-N |
| AMERICAN COLLECTION SYSTEMS, INC. and JONATHAN KLEIN, ATTORNEY AT LAW, | |
| Defendant. | |

**Affidavit of BETSEY HINDES**

I, BETSEY HINDES  is a an employee of

AMERICAN COLLECTION  SYSTEMS, INC (ACS), located at 800 Cross Point RD, Suite D Gahanna, Ohio 43230

And do solemnly swear as follows:

1. At all times relevant herein, Attorney Jonathan Klein (Klein) has an office at ACS located at 800 Cross Point RD, Suite D Gahanna, Ohio 43230.

2. Attorney Jonathan Klein can be reached at 1-866-391-3505 or 1-800-390-2611

3. Attorney Klein is retained by ACS in the collection of debts.

STATE OF OHIO
COUNTY OF FRANKLIN SS



JONATHAN W. KLEIN, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
My Commission has no expiration date
Section 147.03 R.C.

FURTHER AFFIANT SAYETH NAUGHT

_____

Sworn to before me and subscribed in my presence __Aug 26__, 2018

_____
Notary Public

[Seal]